```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
CHRISTIAN MELENDEZ,
                    Petitioner,
                                        11 Civ. 0028 (JGK)
        - against -
                                        MEMORANDUM OPINION
THOMAS LAVALLEY,                        AND ORDER
                    Respondent.
------------------------------------
```

**JOHN G. KOELTL, District Judge:**

The petitioner, Christian Melendez, brings this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After a jury trial, the petitioner was convicted of two counts of burglary in the first degree in violation of New York State Penal Law §§ 140.30(2) and 140.30(4), one count of burglary in the second degree in violation of New York State Penal Law § 140.25(2), one count of robbery in the first degree in violation of New York State Penal Law § 160.15(4), and one count of robbery in the second degree in violation of New York State Penal Law § 160.10(1).

The petitioner argues that a writ of habeas corpus should issue for two reasons. First, he argues that the trial court abused its discretion in ruling pursuant to People v. Sandoval, 314 N.E.2d 413 (N.Y. 1974) that the prosecution would be allowed to cross-examine him about his alleged gang affiliation and past history of uncharged robberies if he testified in his defense. The petitioner claims that this adverse ruling prevented him

1

from testifying and thereby deprived him of due process in violation of the Fifth and Fourteenth Amendments to the United States Constitution.  Second, the petitioner argues that his aggregate eighteen-year sentence is excessive and was imposed in violation of the Eighth Amendment to the United States Constitution.  For the reasons explained below, the petition for a writ of habeas corpus is **denied**.

**I.**

On March 15, 2007, the petitioner was indicted for various burglary and robbery offenses arising out of an incident on February 19, 2007.

On March 10, 2008, the trial court held a hearing pursuant to People v. Sandoval, 314 N.E.2d 413 (N.Y. 1974), to determine the admissibility of certain of the petitioner's alleged prior bad acts for impeachment purposes.  (Hr'g Tr. 17, Mar. 10, 2008.)  The prosecution sought to cross-examine the petitioner, if he testified, about whether the petitioner had been convicted of a felony for attempted possession of a controlled substance in 2003, whether he was a high-ranking member of the Trinitarios gang, whether he robbed drug dealers for a living, and whether he had committed three unrelated and uncharged robberies prior to the robbery for which he was being tried.  (Hr'g Tr. 17-19.)  At the hearing, the prosecution stated that it had a good faith

basis for those questions based on conversations between the petitioner and an informant at Riker's Island. (Hr'g Tr. 20.) The trial court ruled that the prosecution could inquire into each alleged prior bad act, but excluded certain details.[1] (Hr'g Tr. 23-26.)

    At trial, a witness testified that at around 3:00 p.m. on February 19, 2007, intruders entered an apartment occupied by the witness. (Trial Tr. 55-56.) The intruders were armed with pistols and revolvers. (Trial Tr. 56.) They tied the witness's hands and feet, assaulted him, and demanded that he tell them where his "stuff" was located. (Trial Tr. 55-59.) He further testified that the intruders also attacked his cousin. (Trial Tr. 65-66.) At trial, the cousin identified the petitioner and the petitioner's co-defendant as the two intruders who attacked him. (Trial Tr. 331.) A police officer who responded to the scene testified that he arrested the petitioner and his co-defendant in the second floor hallway of the building where the crimes took place. (Trial Tr. 466-71.) The petitioner did not testify.

---

[1] The trial court excluded: (i) the details of the petitioner's felony conviction, (ii) allegations that the petitioner conspired to start a war between the Trinitarios and another gang at Riker's Island, and (iii) allegations that the petitioner had poured boiling water over a victim in one of the uncharged robberies. (Hr'g Tr. 23-25.)

On April 2, 2008, after two days of deliberation, the jury returned a verdict of guilty on two counts of burglary in the first degree, one count of robbery in the first degree, one lesser included offense of burglary in the second degree, and one count of robbery in the second degree. (Trial Tr. 1839-41.) The jury acquitted the petitioner of one count of burglary in the first degree. (Trial Tr. 1840.) The petitioner was sentenced principally to an aggregate term of eighteen years imprisonment. (Sent'g Tr. 11-12, May 21, 2008.)[2]

The petitioner filed a timely appeal to the Appellate Division, arguing that the trial court's Sandoval ruling was an abuse of discretion that prevented him from testifying and that his sentence was excessive and should be reduced. The Appellate Division, First Department unanimously affirmed the petitioner's conviction and sentence. People v. Melendez, 903 N.Y.S.2d 384, 385 (App. Div. 2010). The court held that the trial court's Sandoval ruling "balanced the appropriate factors and was a proper exercise of discretion." Id. Moreover, the court held that the prosecution had demonstrated a good faith basis for the questions by revealing the informant as the source of the

---

[2] The defendant was sentenced to eighteen years imprisonment on each of the two counts of burglary in the first degree and one count of robbery in the first degree, and fifteen years imprisonment on the charges of burglary in the second degree and robbery in the second degree. The sentences on all counts were to run concurrently for an aggregate sentence of eighteen years imprisonment. (Sent'g Tr. 11-12.)

4

information and calling him as a witness. Id. The court also noted that it "perceive[d] no basis for reducing the sentence." Id.

The petitioner then applied for leave to appeal to the Court of Appeals. His counsel's letter to the Court of Appeals argued that the trial court's Sandoval ruling "was an abuse of discretion and denied appellant due process." (Steward Decl. Ex. D at 1.) The letter did not explicitly reference the petitioner's sentencing claim, but it asked the Court of Appeals to review "all claims in [his] brief." (Steward Decl. Ex. D at 2.) The application for leave to appeal was denied on August 31, 2010. People v. Melendez, 934 N.E.2d 901 (N.Y. 2010). This petition followed.

## II.

The petitioner filed this timely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 dated December 6, 2010.

Section 2254 provides that an application for a writ of habeas corpus shall not be granted unless the petitioner has exhausted all state judicial remedies for his claims. 28 U.S.C. § 2254(b)(1)(A); see also Ramirez v. Att'y Gen. of New York, 280 F.3d 87, 94 (2d Cir. 2001). However, a district court may deny a claim on the merits even if the claim has not been exhausted.

5

28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); see also Smith v. Lee, 10 Civ. 6941, 2012 WL 5288742, at *3 (S.D.N.Y. Oct. 26, 2012).  Here, because the petitioner's claims are without merit, it is unnecessary for this Court to determine whether they were properly exhausted.  See Smith, 2012 WL 5288742 at *3.

### III.

The trial court's Sandoval ruling allowed the prosecution to impeach the petitioner by questioning him about certain prior bad acts if he testified.  The court also excluded some of the details of those prior bad acts.  The petitioner argues that this was an abuse of discretion that prevented him from testifying and thus violated due process under the Fifth and Fourteenth Amendments.  This claim is without merit.

Because the claim was adjudicated on the merits in state court, this Court evaluates it under the standard of review set forth in 28 U.S.C. § 2254(d).  That section provides that an application for a writ of habeas corpus should only issue if adjudication of the claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined

by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see also Harrington v. Richter, 131 S. Ct. 770, 783-84 (2011); Nunez v. Conway, 10 Civ. 0060, 2013 WL 561483, at *3 (S.D.N.Y. Feb. 14, 2013).

A state court decision is "contrary to" clearly established Federal law under § 2254(d) when the court either "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that reached by the Supreme Court. Williams v. Taylor, 529 U.S. 362, 405 (2000); see also Lynn v. Bliden, 443 F.3d 238, 245 (2d Cir. 2006); Nunez, 2013 WL 561483 at *4. A state court decision involves an "unreasonable application" of clearly established Federal law under § 2254(d) when the application is "objectively unreasonable," a standard that goes beyond a mere "incorrect or erroneous application of federal law." Williams, 529 U.S. at 412; see also Lynn, 443 F.3d at 246 (noting that a petitioner must do more than show error alone); Nunez, 2013 WL 561483 at *4.

Here, the Appellate Division's decision to uphold the trial court's Sandoval ruling was not contrary to clearly established federal law. In Luce v. United States, 469 U.S. 38 (1984), the

7

Supreme Court held that "to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify." Luce, 469 U.S. at 43. When a defendant does not testify, "[a]ny possible harm flowing from a . . . ruling permitting impeachment by a prior conviction is wholly speculative." Id. at 41. Furthermore, "[b]ecause an accused's decision whether to testify 'seldom turns on the resolution of one factor,' a reviewing court cannot assume that the adverse ruling motivated a defendant's decision not to testify." Id. at 42 (quoting New Jersey v. Portash, 440 U.S. 450, 467, (1979) (Blackmun, J., dissenting)). While Luce involved a ruling on a motion in limine pursuant to Rule 609(a) of the Federal Rules of Evidence, its holding has been applied to Sandoval rulings because they involve similar considerations. "Second Circuit law has created a bright-line rule . . . barring habeas relief for allegedly erroneous Sandoval rulings in instances where a defendant elects not [to] testify." Shannon v. Senkowski, 00 Civ. 2865, 2000 WL 1683448, at *6-7 (S.D.N.Y. Nov. 9, 2000); see also Andrews v. LeClaire, 709 F. Supp. 2d 269, 278 (S.D.N.Y. 2010) (collecting cases).

    The petitioner did not testify at trial. It would be a matter of conjecture and speculation whether the prosecution would in fact have sought to impeach the defendant by inquiring into each bad act, how such testimony would have unfolded in the

8

context of the trial, and to what extent the defendant's choice not to testify was in fact motivated by the trial court's Sandoval ruling. See Luce, 469 U.S. at 42. Thus, his claim challenging the Sandoval ruling must be dismissed. See, e.g., Andrews, 709 F.Supp.2d at 278.

**IV.**

The petitioner's claim that his sentence violated the Eighth and Fourteenth Amendments is also without merit.[3] It is well established that generally when a sentence falls within the range prescribed by state law, the length of the sentence may not be raised as a basis for federal habeas relief. See White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992) (per curiam) ("No federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law."); see also Fernandez v. LaValley, 10 Civ. 7914, 2011 WL 4495302, at *3 (S.D.N.Y. Sept. 28, 2011); Baide-Ferrero v. Ercole, No. 06 Civ. 6961, 2010 WL 1257615, at *4 (S.D.N.Y. Mar. 31, 2010) (collecting cases). The petitioner was convicted of two counts of burglary in the first degree and one count of robbery in the first degree, as well as two other offenses. Robbery in the first degree and burglary in the first degree are both class B

---

[3] The Government argues that this claim was unexhausted in state court. However, this Court may nonetheless deny the claim on the merits. See Smith, 2012 WL 5288742 at *3.

felonies under New York law. N.Y. Penal Law §§ 140.30, 160.15. Because the petitioner was a second felony offender convicted of a class B felony, New York law prescribed a sentencing range from nine to twenty five years imprisonment for each of those offenses. N.Y. Penal Law § 70.06(3)(b). The court imposed an aggregate sentence of eighteen years imprisonment. (Sent'g Tr. 11-12.) This sentence fell substantially below the statutory maximum term. Thus, the petitioner's sentence does not present a cognizable claim for federal habeas relief. See, e.g., White, 969 F.2d at 1383; Fernandez, 2011 WL 4495302 at *3.

Moreover, the petitioner has not shown that his sentence violates the Eighth Amendment's prohibition against "cruel and unusual punishments." The Amendment prohibits only sentences that are "grossly disproportionate to the severity of the crime." Rummel v. Estelle, 445 U.S. 263, 271 (1980). Rummel has been interpreted as holding that "federal courts should be reluctan[t] to review legislatively mandated terms of imprisonment, and that successful challenges to the proportionality of particular sentences should be exceedingly rare." United States v. Santos, 64 F.3d 41, 45 (2d Cir. 1995) (citation omitted), vacated on other grounds, 516 U.S. 1156 (1996); see also Jackson v. Moscicki, 99 Civ. 2427, 2000 WL 511642, at *12 (S.D.N.Y. Apr. 27, 2000). The petitioner was convicted of a violent crime in which he displayed a firearm and

10

physically injured a victim, and his sentence fell well below the statutory maximum term of imprisonment. Thus, his sentence was not so disproportionate as to constitute a violation of the Eighth Amendment. See Fernandez, 2011 WL 4495302 at *3; Jackson, 2000 WL 511642 at *12.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the petition is **denied**. The Clerk is directed to enter judgment and to close this case. The Court declines to issue a certificate of appealability because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c).

**SO ORDERED.**

**Dated:    New York, New York
           April 30, 2013**                 _____/s/_____

**John G. Koeltl
United States District Judge**